Good afternoon, your honors, and may it please the court. Alejandra Avila for plaintiff appellant, Mr. Walter Goodson. With the court's permission, I would like to reserve two minutes for rebuttal. Okay, please watch the clock. Before I turn to Officer Perez-Pantoja's partial objection to the timeliness of this appeal, I would like to make a very brief point on why the court should reverse the district court on the merits. Administrative exhaustion exists to allow prisons an opportunity to investigate prisoner complaints internally before an inmate files a case in federal court. The district court erred in dismissing Mr. Goodson's sexual assault claim for failure to exhaust administrative remedies because the core purpose of exhaustion was satisfied here. The record shows that CDCR processed and investigated Mr. Goodson's grievance as a sexual assault complaint and informed Mr. Goodson that his claim was administratively exhausted. The officer argues that the court lacks jurisdiction to review the district court's critical errors in the final judgment because Mr. Goodson's motion for reconsideration did not extend the deadline to appeal the judgment. Although characterized as a jurisdictional argument, the officer's argument is actually governed by federal rule of appellate procedure 4A-4. As this court held in DeMarie, that rule is a non-jurisdictional claim processing rule. It is not a mandatory jurisdictional bar imposed by Congress. So the government says that rule 4A, even if that were applicable, there was no filing for relief within 28 days after notice of judgment, so it doesn't extend the time for appeal. What's your response to that? Your Honor, we contend that that argument is insufficient for two reasons. The first is because the officer has actually waived that objection by raising it untimely. And second, the court should nonetheless consider the appeal timely because the equities weigh in favor of Mr. Goodson. On the issue of waiver, rule 4A-4 provides that motions timely filed under the federal rules of civil procedure extend the deadline to appeal until the district court rules on the motion. Here, the officer never argued in the district court proceedings that the motion was untimely under the federal rules of civil procedure. And in fact, he concedes on appeal that the motion was timely and proper under federal rule of civil procedure 59. We make that argument in footnote three of our reply brief. But that was only for, I thought the government says only as to the rule 60B motion, not to the grievance itself, the first one. Isn't that correct? They're saying that it wasn't timely to appeal the summary judgment dismissal, but it was timely to appeal the second rule 60 motion. That's right, Your Honor. The officer does not does not argue that the court lacks jurisdiction over the reconsideration order. As to the final judgment, however, the court still has jurisdiction because the reconsideration motion was filed timely under the federal rules of civil procedure. It wasn't filed timely, right? Because it was under 4A-4A-6. It wasn't within 28 days. That's right, Your Honor. But this is a claim processing rule that can be waived. And the officer does not rule at all is what you're saying. There's no time requirement at all. It can be brought at any time. No, Your Honor, it has to be brought within the confines of the rule, unless, obviously, if there's an untimeliness issue, if the officer raises that objection properly and timely before this court. This is not a jurisdictional requirement. And here, Mr. Goodson filed his motion pursuant to both Rule 59 and Rule 60. And the officer never argued in the district court proceedings that this was an untimely motion and concedes now on appeal. And this is in the answering brief at page 25 and 26 that the district court properly considered that motion. When there's a concession by the government that the motion was properly considered by the district court, I don't – our position is that that objection is waived. Counsel, it seems to me that you're kind of conflating two things. One is if you bring a timely motion for reconsideration and so the district court considers that. But we have rules that apply to that. And as you might imagine, they're fairly strict. You have to show like a – I don't remember the exact words, but they have to show a pretty egregious mistake. But that's the motion for reconsideration. What you're trying to do is go through the motion for reconsideration and get back to the merits of the original issues that he didn't timely appeal from. And I think your argument is that, well, we should be able to get at those through a motion for reconsideration. But if we do that, if we were to allow that, I don't think we – first of all, I don't think we can. I'm not sure I agree with you, but I don't know why we would want to. Why would we want to basically let people blow the deadline and then go, oh, I blew the deadline. I'll file a motion for reconsideration and reset everything. Your Honor, the motion for reconsideration has to be filed within the time that Congress has allowed to appeal. Here, the particular provision at issue is not tied to any congressional statute. And what the Supreme Court has said most recently in the decision in Hammer is that when you deal with a claim processing rule, that particular timeliness objection can be waived by the government if it is not timely raised. Other circuits, for example, such as in the case of Abayula, which is cited by this court in the case of Demarie, have held that a non-timely motion filed under Rule 59 can in fact hold the deadline to appeal if there's no objection made in the district court and before the Court of Appeals, which is exactly what happened here. The government has not made any argument as to why the particular provision of Rule 404 that governs motions filed under Rule 59 does not apply in this case. Your Honor, in addition to the waiver argument, even if this court were to find that the objection is not waived, the court should consider the appeal timely because the officer has not properly explained why Mr. Goodson could file his motion within 28 days from entry of the final judgment. Here, we are really only dealing with a 17-day delay. Mr. Goodson filed his motion 45 days after the judgment, and he did so in the middle of the peak of the COVID-19 global pandemic in April of 2020, when prison conditions and mail operations were quite chaotic. We also have an intervening order by the district court allowing him to appeal. Our position is that under these circumstances, the court should consider the appeal to be timely. Your Honor, I would now like to address the merits, unless the panel has any questions on the jurisdictional issue. On the merits, the district court committed a series of... What is our standard of review on the merits? Under our view of the law, Your Honor, if this court is inclined to agree with us on the claim processing rule issue... We don't need to go there. You've already said, let's go past that, so let's go past that. If we go to the merits, what's our standard of review? The standard of review is de novo, Your Honor, if this court entertains the final judgment anew. If the court is inclined to agree with the officer that it does not have jurisdiction over the underlying judgment and may only consider the reconsideration order, then the standard of review is abuse of discretion. Under de novo review, our view is that the district court committed a series of critical errors and the court should reverse. The officer's concessions on appeal yield a clear result in favor of Mr. Goodson on the issue of administrative exhaustion, which is an affirmative defense on which the officer bore the burden of proof. Your Honor, I see that my time has expired, and I would like to reserve the rest of my time for rebuttal. All right, we'll hear from the government. Please, the court. Byron Miller for defendant appellee, Officer Perez-Pantoja. None of Goodson's new jurisdictional arguments, which were omitted from his jurisdictional statement and raised for the first time on reply, allow him to reach back and challenge the merits of the judgment that he never appealed. His first argument that the district court granted him an extension of time to appeal, that can't be right because he didn't follow the motion within 60 days of judgment, and he didn't show excusable neglect or a good cause, which are both jurisdictional requirements under 28 U.S.C. Section 2107. On top of that, he didn't even ask the court for an extension of time. Instead, all his second motion for reconsideration said about an appeal was that he wanted the court to, quote, grant a motion for notice of appeal. But the district court didn't construe that as a motion for an extension of time, and it didn't grant any extension of time. Instead, it construed the filing as a notice of appeal and directed the clerk to process it. Goodson's second argument that Officer Perez-Pantoja should have cross-appealed the district court's order directing the clerk to process this appeal, that's also wrong because there was nothing adverse about that order to appeal. The district court didn't grant an extension of time. Instead, it just directed the clerk to process this appeal, which was its ministerial duty. And we admit that his appeal was timely with respect to the order on his first motion for reconsideration. But once it became evident that Goodson was trying to challenge the merits of the judgment via this appeal, Officer Perez-Pantoja pointed out the jurisdictional defect in his answering brief. So if I understand the opposing counsel's argument right, they argue that the filing under Rule 60 should be construed as a filing under Rule 4A6. And although it wasn't within 28 days, the government waived the argument that it was untimely as a Rule 4A filing. Could you respond to that? Sure, Your Honor. So I think that this court should reject that last argument that his Rule 60 motion told the appeal deadline. What Goodson is doing with this argument is asking this court to disregard the 28-day deadline required by Rule 4A4A6 for Rule 60 motion to toll the appeal deadline. And based on the reply brief, they said that was based on equitable circumstances. Now, in oral argument, I understand the new argument is that we waived that. We didn't waive, but we raised it in our answering brief. Once the jurisdictional defect became apparent to us, we argued that they haven't complied with that rule. It wasn't brought within 28 days. Now, in the reply, they said, well, we should look at equitable circumstances. But Goodson has not pointed to any case where equitable circumstances were sufficient to disregard that 28-day deadline. And even assuming that some set of circumstances could be sufficient to disregard the deadline, they aren't present here. None of Goodson's post-judgment motions identified any reason for his delay. And while his counsel identifies some pandemic-related restrictions on reply, there's no representation that any pandemic-related restriction actually prevented Goodson from filing a timely appeal or a timely post-judgment tolling motion. Presumably because Goodson made no references to the pandemic in any district court filing, his reply brief points to his motion to this court for appointment of counsel where Goodson stated that the prison law library was closed at the time of that motion, which he filed five months after judgment. But he doesn't say that the library was closed several months earlier when judgment was entered. He doesn't say whether during any library closure, the prison utilized its paging service for inmates to have legal materials delivered to their cells per regulation. And he doesn't explain why he was able to file two motions for reconsideration in the district court. And then in this court, an IFP application, a motion for an extension of time, and a motion for appointment of counsel, all during the pandemic, but not a timely notice of appeal or a timely tolling motion. I think it's also worth noting that even before the pandemic and any related restrictions, Goodson didn't bother to file an opposition to defendant's motion for summary judgment. And he still offered no explanation for that. And so I think the record before this court shows that he could have just lost interest in this case. And I think the record comes nowhere close to showing that any circumstance actually prevented him from timely appealing. So given the lack of jurisdiction over the underlying judgment, the only order properly before this court is the district court's denial of what Goodson characterized in his opening brief as a rule 60B6 motion. But these motions require a showing by the moving party of extraordinary circumstances. That's established precedent recently affirmed by the Supreme Court in the case cited by Goodson, Buck v. Davis. And Goodson's three-sentence motion, it didn't make that showing. In fact, his motion made no showing of anything at all. So how could the district court abuse his discretion with respect to issues that weren't even before it? I don't think it can be that every time a pro se litigant files a motion for reconsideration identifying no basis for relief at all, that the district court is required to then comb through the judgment and every single interlocutory order for error. Now, Goodson cites McDowell v. Calderon for his position that he can reach back to the merits of the judgment via his rule 60B6 motion, so long as there was clear error in the underlying judgment. But in McDowell, the attorney general was challenging a ruling on a motion he brought under Rule 59E, which allows for the correction of legal errors in the judgment. And the AG actually identified what he thought was clear legal errors in his motion. Of course, the district court disagreed and then that there was clear error in the motion. So when this court considered that denial on appeal, it logically looked at whether the district court abused its discretion in finding no clear error in the underlying order. But that's not what's before this court now. Goodson's motion didn't show any legal error, and it couldn't have been brought under Rule 59E because it wasn't filed within 28 days. And in fact, Federal Rule of Civil Procedure 6B prohibits district courts from extending that 28-day deadline. What's more, McDowell didn't consider extraordinary circumstances, which is required for Rule 60B6 motion to be granted. And I think it's also worth noting that McDowell does not give Goodson de novo review. The standard of review there was abuse of discretion. So even assuming that Goodson could challenge and reach the merits on this record, where there was no challenge of the merits even in the motion for reconsideration, the standard of review would still be an abuse of discretion. And on a related note, I don't think we can construe that motion now as a Rule 59E motion. Goodson didn't label it that way. And his opening brief made no mention of Rule 59E. It only mentioned Rule 60B6. So I think any reliance on that rule is waived. Also, as we mentioned under Rule 59E, it wouldn't have been timely anyways. And most importantly, even if it was a motion under Rule 59E, it didn't make any showing of any error at all, let alone a clear error. So finally, going to the merits, even if Goodson could challenge the merits of the judgment via his post-judgment motion that didn't identify any errors, let alone extraordinary circumstances, there was still no abuse of discretion. The district court identified the correct law on exhaustion. So can I ask you one more question about the procedural aspect? So what is your view on whether or not Goodson waived any of these arguments? For instance, Goodson's, as I read it, I don't see Goodson making the argument in the opening brief about the fact that the district court basically implicitly granted an extension. That seems to be only in the reply brief. But Goodson is responding to your argument that we don't have jurisdiction to address the, in your answering brief, that we didn't have jurisdiction to address the original, the merits of the original order. So did Goodson waive any of that? Could we even consider that argument that Goodson raised for the first time in the reply brief? Or do you think it was correctly raised in response to your argument in your answering brief and therefore? No, Your Honor. I think all the new jurisdictional arguments are waived. They should have been identified in the opening brief. That's required by Federal Rule of Appellate Procedure 28A4B, which we pointed out in the Rule 20HA letter. And so, you know, what would have been nice, Your Honor, ideally, we would have addressed all the jurisdictional arguments in the answering brief, but none of them were identified in the opening brief. So, so, yeah, I think arguments need to be raised clearly and distinctly in the opening brief. Otherwise, you know, they're waived. So we never had the opportunity to address the basis for jurisdiction, the new ones that are newly asserted. So, so, Your Honor, excuse me, going back to the merits, you know, the District Court identified the correct law on exhaustion and applied the law based on its plain reading of CDCR's regulations, which forbid exhaustion arising from new issues raised midway through the process. And while, you know, Goodson disagrees with this reading of the regulations, the District Court's reading of them was not beyond the pale of reasonable conclusions. And so it wasn't an abuse of discretion. So unless this court has any additional questions, we ask that Your Honor's affirm. Okay. You have a little time for rebuttal. Yes, Your Honor. A couple of points. In response to counsel's argument on Rule 59, this is the first time that the officer has actually argued that Mr. Goodson's motion was untimely under Rule 59. Again, that argument has been waived. It was never raised in the District Court. But counsel, counsel, I think this is related to and maybe encompassed within. I mean, you keep saying he's bringing this stuff up untimely, but a lot of these things you didn't say in your answer, in your opening brief. You didn't, you know, you didn't bring them up for him to respond to them. And it's your responsibility to explain why you have jurisdiction, all the various reasons you're bringing up now. I'm not sure you brought all of them up. So there's a little bit of a, you know, I'm not sure that it's fair for you to say they've waived them when it's arguably you may have waived them by not bringing up initially. Your Honor, we presented in our jurisdictional statement the facts relevant to why this court has jurisdiction. And so far as we identified both the motion for reconsideration and the District Court's order. I read that. I read it again last night. And, you know, it's very short jurisdictional statement. It's basically just a sort of boilerplate. It doesn't it doesn't really kind of go into the arguments that you're making now in response to the government. Your Honor, I'm not aware of the requirement that the jurisdictional statement had to be longer. And in any event, if the government could not ascertain our basis for claiming jurisdiction, did not make that argument in the answering brief. They instead proceeded to assert why the court lacked jurisdiction, intentionally only relying on the section of rule for a four that governs motions under Rule 60. And they also did not challenge at all the merits of the District Court's order on the issue of waiver. Your Honor, because we are in a world where we're dealing with claim processing rules, as the Supreme Court has instructed in the decision of Hammer, it is up to the defendant, which is alleging that there's no jurisdiction pursuant to that claim processing rule to timely and properly raise an objection. It is not up to the plaintiff to pre-rebut any potential objection that the government may raise. And so please wrap up. You're over time now. For all those reasons, Your Honor, and because of the strength of the merits, our view is that the court should reverse the District Court and should appoint counsel on remand. We thank both sides for their argument. The case of Walter Gregg Goodson versus Perez-Pantoja is submitted.
judges: Lucero, IKUTA, VANDYKE